# IN THE COURT OF APPEALS OF IOWA

No. 21-0884
Filed September 1, 2021


**IN THE INTEREST OF D.P.,**
**Minor Child,**

**J.E., Father,**
        Appellant.
_____


        Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.


        A father challenges the statutory grounds relied on by the district court for termination of his parental rights, as well as the denial of his request for an extension of time pursuant to Iowa Code sections 232.117(5) and 232.104(2)(b) (2020).  **AFFIRMED.**


        Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant father.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

        Kayla Stratton of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.


        Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals the termination of his parental rights concerning his seven-year-old daughter. He challenges the statutory grounds relied on by the district court for termination of his parental rights and argues the district court should have granted an extension of time for reunification efforts. Upon our de novo review, we affirm the district court.

## I.      Background Facts and Prior Proceedings

D.P. is a seven-year-old female who was removed from parental custody on December 28, 2018. At the time of the removal, she was residing with her mother, who was abusing methamphetamine while caring for D.P. and D.P.'s siblings. D.P. was placed with her father from December 28, 2018, to May 8, 2019, a period of approximately four months. She was removed from her father's home due to an ongoing child abuse investigation for sexual abuse of her half-sister by her father. A child abuse assessment was founded against the father in May 2019 for sexual abuse. There has not been a trial home placement since May 8, 2019, and D.P. has not been returned to parental custody, with either her mother or her father, since May 8, 2019. At the time of the termination hearing held in March 2021, D.P. had been placed with the grandparent of her half-sibling. D.P.'s half-sibling was also placed in this same home.

After the removal of D.P. from her father's home, her father was unavailable for drug testing and failed to complete a substance-abuse evaluation. While he completed an initial mental-health evaluation as requested by the Iowa Department of Human Services (DHS), he failed to meaningfully address any issues in therapy due to a lack of attendance. While the father had some initial communication with

DHS after his daughter's removal, there was a lack of communication from the father with DHS after D.P.'s removal until shortly before the termination hearing.

D.P. was adjudicated a child in need of assistance (CINA) on March 6, 2019, pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2019). Disposition was held on May 15, 2019, with permanency held on December 4, 2019. Eight months later, the State moved for termination by filing a petition for termination on August 17, 2020. The termination hearing was held over a period of two days in March 2021. The record remained open until April 2, 2021, to allow for additional witness presentation.[1] The district court entered a termination order on June 10, 2021, terminating the father's parental rights pursuant to Iowa Code section 232.116(1)(d) and (f) (2020).[2] The father filed a timely appeal.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116(1). *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

---

[1] No additional witnesses were presented after March 23, 2021.
[2] The mother's rights were also terminated. She does not appeal. The June 10, 2021, order also terminated the mother's parental rights to two other children not subject to this appeal and the rights of the fathers of those two children. D.P.'s father is the only parent who is a party to this appeal.

### III.  Analysis

Iowa Code chapter 232 termination of parental rights follows a three-step analysis.  *P.L.*, 778 N.W.2d at 39.  The court must first determine whether a ground for termination under section 232.116(1) has been established.  *Id.*  If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights.  *Id.*  Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights.  *Id.*

### A.  Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record.  *D.W.*, 791 N.W.2d at 707.  We focus on section 232.116(1)(f) for the purpose of this appeal.  Iowa Code section 232.116(1)(f) provides termination may be ordered when there is clear and convincing evidence the child is four years of age or older, has been adjudicated a CINA, has been removed from the physical custody of the parent for at least twelve of the last eighteen months, and cannot be returned to the parent's custody at the time of the termination hearing.

D.P.'s father concedes the first three elements of section 232.116(1)(f) but denies the State has produced clear and convincing evidence to support the fourth element—that D.P. could not be returned to his custody at the time of the termination hearing.  We reject the father's argument concerning this element.

At the time of the termination proceeding, the father was renting a room in Perry, Iowa, but had not allowed DHS to observe his living area to determine if the space was suitable and if others living in this home were safe and appropriate to be around D.P.  *See id.* (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to the custody of the parent if doing so would expose the child to any harm amounting to a new CINA adjudication).

D.P.'s father had not progressed beyond supervised visits.  He was not willing to allow DHS to visit his home so supervised visits could take place with his daughter in his home.  While he initially completed a recommended mental-health evaluation, he did not participate in mental-health counseling for a bulk of the case.  After removal of his daughter from his home, he had no contact with DHS for a lengthy period.  He reengaged in visitation and in services only shortly before the termination hearing.  Further, despite a founded child abuse assessment for sexual abuse of his daughter's sibling, he has not engaged in any type of service to resolve concerns or obtain treatment.  We agree with the district court's assessment that D.P. could not be placed in the father's custody at the time of the termination hearing.  "Time is a critical element.  A parent cannot wait until the eve of termination . . . to begin to express an interest in parenting."  *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000).  On our de novo review, we determine the statutory ground for termination of the father's parental rights pursuant to Iowa Code section 232.116(1)(f) was met.

**B. Extension of Time for Reunification**

Although not set out as a separate issue in his appeal, we interpret a portion of the father's argument concerning statutory grounds as a request for an extension of time pursuant to Iowa Code sections 232.117(5) and 232.104(2)(b). We chose to address the issue. Iowa Code sections 232.117(5) and 232.104(2)(b) allow the court to grant an extension of time if parental rights are not terminated following the termination hearing. But to continue placement for six more months, the juvenile court must determine that "the need for removal will no longer exist at the end of the extension." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). "The judge considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* (citation omitted).

The district court declined to grant the father an extension of time, citing that an extension of time would not improve the father's circumstances. We agree. The record is void of any evidence that an extension of time would be appropriate. While the father was present for the first day of the termination hearing, he elected to not testify. He failed to appear for the second day of the termination hearing. The father offered no exhibits or testimony to support a request for an extension of time. By the conclusion of the termination hearing, D.P. had been out of parental custody for a minimum of twenty-three months.[3] The father was absent from the underlying CINA proceedings from May 2019 after D.P. was removed from his

---

[3] This time is calculated from the removal from the father's home. D.P. had been removed from her mother's home for approximately twenty-seven months at the time of the termination hearing.

home until shortly before the termination hearing held in early 2021. We are unable to determine the need for removal of D.P. from the father would no longer exist at the end of an extension of time.

As the father makes no claim for application of a statutory permissive exception under Iowa Code section 232.116(3) and does not contest that termination is in his daughter's best interest, we do not address the same.

## IV. Conclusion

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(f). An extension of time on the facts of this case for reunification efforts is not warranted. Accordingly, we affirm the termination of the father's parental rights.

**AFFIRMED.**